UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

RICHARD JOHNSON, on behalf of himself and
all others similarly situated,

                    Plaintiff,

                v.

INTEL CORPORATION,

                   Defendant.
----------------------------------------------------------------

Docket No.

**CLASS ACTION
COMPLAINT
& DEMAND FOR JURY
TRIAL**

 

Plaintiff, RICHARD JOHNSON,("Plaintiff" or "Mr. Johnson"), on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), by and through his undersigned counsel, JOSEPH & NORINSBERG, LLC, alleges as follows against Defendant, INTEL CORPORATION ("INTEL" or "Defendant").

## INTRODUCTION

1.    Plaintiff, **Richard Johnson** ("Plaintiff" or "Mr. Johnson"), is a visually-impaired and legally blind individual who requires screen-reading software to access website content. See Exhibit A – Low Vision Evaluation Report (dated September 10, 2024). Plaintiff uses the terms "blind" or "visually-impaired" because his central visual acuity with correction is less than or equal to 20/200. Mr. Johnson suffers from **proliferative diabetic retinopathy (PDR)**, a severe stage of diabetic eye disease that causes rapid and permanent vision loss. He has been formally certified as legally blind by the New York State Commission for the Blind.

2.    Plaintiff resides in Bronx, New York, and actively participates in community programs and adaptive skills training through the New York State Office of Children and Family

Services Commission for the Blind. His daily independence and ability to engage in commerce, recreation, and information access depend on websites being designed and maintained in compliance with accessibility standards. Mr. Johnson relies on accessible online platforms to obtain goods, services, and information, and is deterred when websites contain barriers that prevent equal participation.

3.      Defendant, **Intel Corporation** ("Defendant" or "Intel"), is a publicly traded multinational technology company headquartered in Santa Clara, California, with a registered agent for service of process in New York located at **28 Liberty Street, New York, NY 10005**. Intel operates a consumer-facing business through its interactive e-commerce and informational website, www.intel.com  (the "Website" or "Defendant's Website"). Defendant offers a wide range of products and services, including desktop processors, graphics cards, and related consumer technologies, with product listings, specifications, drivers, and purchasing features available online.

4.      Plaintiff visited **www.intel.com** to browse and obtain information about Intel® Core™ Ultra processors and Intel® Arc™ graphics cards for personal use and to evaluate technology options for adaptive devices. Plaintiff sought to use the Website's product listings, navigation menus, and informational resources to independently complete his research. However, persistent accessibility barriers—including **missing alternative text, empty buttons, broken ARIA references, unlabeled form controls, and contrast errors documented in WAVE audits (Exhibits B and C)**—prevented him from navigating or transacting on the Website without assistance. Plaintiff remains eager to return once the Website is remediated, as Intel's offerings are uniquely positioned in the marketplace and provide essential information for consumers with

disabilities.

5.      Plaintiff brings this civil action against Defendant for its failure to design, construct, maintain, and operate the Website to be fully accessible to and independently usable by blind and visually impaired individuals. Defendant's denial of full and equal access to **www.intel.com**, and therefore its denial of the goods, services, and information offered thereby— including consumer transactions and product specifications—constitutes unlawful discrimination under the **Americans with Disabilities Act ("ADA")**.

6.      Based on a 2020 U.S. Census Bureau report, approximately 8.1 million people in the United States are visually impaired,[1] including 2.0 million who are blind. According to a 2016 report published by the National Federation of the Blind, approximately 418,500 visually impaired persons live in the State of New York.[2]

7.      Congress provides a clear and national mandate for the elimination of discrimination against individuals with disabilities. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, both New York State and New York City law require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8.      Defendant's Website is not equally accessible to blind and visually impaired

---

[1] *See* United States Census Bureau Report.

[2] *See* 2016 National Federation for the Blind Report.

consumers, in violation of the ADA. Plaintiff seeks a permanent injunction requiring Defendant to adopt, implement, and maintain accessible web design practices consistent with WCAG 2.1 AA. Such relief should include: appointment of a qualified accessibility coordinator; periodic audits and user testing with blind users; remediation of code issues (e.g., alternative text, ARIA associations, heading hierarchy, focus order, and color contrast); ensuring accessibility of third-party integrations; publication of an accessibility statement and feedback channel; training of relevant personnel; and ongoing monitoring to ensure that www.intel.com becomes and remains fully accessible and independently usable by blind and visually impaired consumers.

## JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq*.

10.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law, Article 15 (Executive Law § 290 *et seq*.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*., ("NYCHRL") & § 296 *et seq*.; and the New York State Civil Rights Law, Article 4, § 40-c and § 40-d ("NYCRL").

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant conducts a substantial amount of business in this District through its interactive e-commerce and informational Website, www.intel.com.   A substantial portion of the conduct complained of herein occurred in this District, as Plaintiff attempted on multiple occasions to access the Website from his home in Bronx County, New York, which lies within this judicial

District.

12.     Defendant, **Intel Corporation** ("Intel"), is incorporated in Delaware and maintains its principal offices in Santa Clara, California. Defendant is subject to personal jurisdiction in this District because it purposefully targets and solicits business from New York State residents through its highly interactive Website and maintains a registered agent for service of process in New York at **28 Liberty Street, New York, NY 10005**.

13.     Defendant has committed, and continues to commit, the acts and omissions alleged herein within the Southern District of New York. In so doing, Defendant has violated the rights guaranteed to Plaintiff and other blind and visually impaired consumers under the ADA, causing them injury. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District on multiple occasions.

14.     Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services offered to the general public on Defendant's Website in Bronx County. The access barriers encountered by Plaintiff have repeatedly denied him full and equal access and continue to deter him from accessing Defendant's Website in the future. Courts consistently recognize venue as proper in the district where a plaintiff attempted and failed to access a website.

15.     The United States Department of Justice Civil Rights Division has recently stated that, "[t]he Department has consistently taken the position that the ADA's requirements apply to all the goods, services, privileges, or activities offered by public accommodations, including those provided through websites." Plaintiff is a member of the protected class of individuals under the ADA, 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., and the NYCHRL. Plaintiff is unable to utilize a computer or device without the

assistance of screen-reading software, such as Nonvisual Desktop Access ("NVDA"). See, e.g., *Chloe NA v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018) (exercising personal jurisdiction over forum plaintiff's website accessibility claims against out-of-forum website operator); *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); see also *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021) (personal jurisdiction can be found as long as the company conducted business in the consumer's home state that relates in some way to the consumer's injuries, such as engaging in other transactions for similar products).

## **PARTIES**

16.     Plaintiff, **Richard Johnson**, is a legally blind individual residing in Bronx County, New York. He has been formally certified as legally blind by the New York State Commission for the Blind due to **proliferative diabetic retinopathy (PDR)**, a severe stage of diabetic eye disease that causes rapid and permanent vision loss. Plaintiff relies on screen reading software, including Nonvisual Desktop Access ("NVDA") for Windows, to access websites. He attempted to use Defendant's website, **www.intel.com**, on multiple occasions to obtain information about Intel® Core™ Ultra processors and Intel® Arc™ graphics cards, as well as to navigate product listings and related consumer resources. Plaintiff is a member of the protected class of individuals under the ADA, 42 U.S.C. § 12102(1)–(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq., as well as the NYSHRL and NYCHRL.

17.     Defendant, **Intel Corporation** ("Intel"), is a publicly traded corporation organized under the laws of the State of Delaware, with its principal executive offices located at **2200 Mission College Boulevard, Santa Clara, California 95054**. Defendant distributes its products

nationwide and conducts substantial business through its interactive e-commerce and informational website, www.intel.com, which targets and solicits sales and consumer engagement from New York residents.

18.     Intel was founded in 1968 and specializes in the manufacture and sale of semiconductors, processors, graphics cards, and related computing technologies. Defendant's website functions as a primary channel for consumer engagement, providing product specifications, drivers, purchasing options, and marketing materials directly to the public.

19.     Defendant is subject to personal jurisdiction in this District because it purposefully targets and solicits business from New York State residents through its highly interactive website and maintains a registered agent for service of process in New York at **28 Liberty Street, New York, NY 10005**. Defendant has generated significant revenue from online sales and consumer engagement with New York residents, including the very products Plaintiff attempted to research and access.

20.     Defendant has invested substantial sums in developing and maintaining its website and derives millions of dollars in monthly online revenue. Despite its resources, Defendant has failed to design, construct, maintain, and operate its website in a manner that is accessible to blind and visually-impaired consumers, including Plaintiff.

## NATURE OF ACTION

21.     The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind, and visually-impaired persons alike.

22.      In today's tech-savvy world, blind and visually impaired people can access

websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display. This technology is known as screen-reading software. Screen-reading software is currently the only method a blind or visually-impaired person may use to independently access the Internet. Unless websites are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites and the information, products, goods, and services contained thereon.

23.     Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen-reading software programs available to them. Some of these programs are available for purchase, and other programs are available without the user having to purchase the program separately, such as the popular screen-reading software program for a Windows computer, Nonvisual Desktop Access "NVDA."

24.     For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

25.     Screen readers have rules and expectations about what the gathered information is and should be and use sophisticated rules to interpret what it has "seen," i.e., gathered with help from the operating system, the app in question, and other ways. Based on information gathered and subsequently interpreted, screen readers use components such as text-to-speech (TTS), braille, and other output mechanisms to present screen content.

26.     The international website standards organization, the World Wide Web

8

Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

27. Non-compliant websites pose common access barriers to blind and visually impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

a. A text equivalent for every non-text element is not provided;

b. Title frames with text are not provided for identification and navigation;

c. Equivalent text is not provided when using scripts;

d. Forms with the same information and functionality as for sighted persons are not provided;

e. Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f. Text cannot be resized without assistive technology up to 200% without losing content or functionality;

g. If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h. Web pages do not have titles that describe the topic or purpose;

i. The purpose of each link cannot be determined from the link text alone or from the link text and the programmatically determined link context;

j. One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

9

k.    The default human language of each web page cannot be programmatically determined;

l.    When a component receives focus, it may initiate a change in context;

m.    Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.    Labels or instructions are not provided when content requires user input, which include captcha prompts that require the user to verify that he or she is not a robot;

o.    In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to the specifications, elements may contain duplicate attributes, and/or any IDs are not unique;

p.    Inaccessible Portable Document Format (PDF); and

q.    The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

28.    Websites have features and content that are modified on a daily, and in some instances, hourly basis, and a one-time "fix" to an inaccessible digital platform will not cause the digital platform to remain accessible without a corresponding change in corporate policies related to those web-based technologies. To evaluate whether an inaccessible website has been rendered accessible, and whether corporate policies related to website technologies have been changed in a meaningful manner that will cause the website to remain accessible, the website must be reviewed on a periodic basis using both automated accessibility screening tools and end user testing by disabled individuals.

29.

10

## STANDING

30.     Plaintiff, **Richard Johnson**, is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)–(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq., as well as the NYCHRL. Plaintiff has been formally certified as legally blind by the New York State Commission for the Blind due to **proliferative diabetic retinopathy (PDR)**. To access the Internet, Plaintiff uses screen reading software, including Nonvisual Desktop Access ("NVDA") for Windows.

31.     Plaintiff resides in Bronx County, New York, and actively participates in adaptive skills training and community programs through the New York State Commission for the Blind. His independence and ability to engage in commerce and information access depend on websites being designed and maintained in compliance with accessibility standards. Plaintiff relies on accessible e-commerce and informational platforms to research and purchase consumer technology that supports his daily living and adaptive devices.

32.     Plaintiff attempted to use Defendant's website, www.intel.com,  from his home in Bronx County, New York, on three separate occasions: **October 15, 2025; October 22, 2025; and November 3, 2025**. Each attempt was made on his personal computer with NVDA enabled, for the purpose of browsing specific Intel products and completing research and potential purchases.

33.     On **October 15, 2025**, Plaintiff sought to review specifications for the **Intel® Core™ Ultra 9 Processor (Series 2)**, which he desired for its advanced performance and energy efficiency. As a legally blind consumer, Johnson relies on accessible technology to support adaptive software and audio-based tools. NVDA announced product images only as "graphic" with no description. Plaintiff could not confirm processor model, core count, or compatibility.

11

Counsel's WAVE Accessibility Evaluation Report corroborates this barrier, flagging **missing alternative text and empty headings** across product pages. Without descriptive alt text, Plaintiff was unable to verify that the processor matched his adaptive technology needs, forcing him to abandon the research.

34.    On **October 22, 2025**, Plaintiff attempted to review the **Intel® Arc™ B580 Graphics Card**, which he desired for its AI-enhanced rendering and ray tracing capabilities. These features are uniquely important to Johnson because they enable smoother performance for accessibility software and adaptive visual tools. NVDA skipped headings and failed to announce specifications, making comparison impossible. The WAVE audit documents broken ARIA references and skipped heading levels across product templates, which impede screen reader parsing of structured product information. These defects prevented Plaintiff from learning critical product information, including GPU frequency and compatibility, which was decisive in his intent to purchase.

35.    On **November 3, 2025**, Plaintiff attempted to navigate Intel's checkout workflow to explore purchasing options and download drivers. NVDA output was repeatedly interrupted by **empty buttons and broken ARIA menus**, documented in the WAVE audit. Plaintiff encountered unlabeled form fields announced only as "edit box," and could not apply promotions or complete payment. These barriers directly prevented Plaintiff from completing transactions despite his clear intent and ability to pay.

36.    Plaintiff's failed attempts caused immediate frustration and loss of confidence. He was forced to abandon transactions mid-workflow, undermining his independence and causing embarrassment when he had to seek sighted assistance. His adaptive technology research was

12

disrupted: he could not confirm specifications for the Intel® Core™ Ultra 9 Processor or Intel® Arc™ B580 Graphics Card, missed expected promotional pricing, and lost opportunities to evaluate compatibility with his accessibility devices

37.    Plaintiff incurred additional time costs and logistical burdens. He had to research alternative suppliers, attempt repeat visits, and troubleshoot inaccessible forms and navigation—all without completing a single transaction—diverting hours from his core activities and daily living.

38.    Plaintiff's experience created a chilling effect: he was deterred from returning to the Website absent remediation, knowing that the same barriers (**missing alt. text, broken ARIA references, empty headings, unlabeled inputs, and contrast failures**) would force him into dependence or abandonment again.

39.    Plaintiff's experience created a chilling effect: he was deterred from returning to the Website absent remediation, knowing that the same barriers (missing alt text, broken ARIA, empty headings, unlabeled inputs, contrast failures) would force him into dependence or abandonment again.

40.    Plaintiff intends to return to www.intel.com  30 days to complete his research and potential purchases once the website is accessible, and again in Spring 2026 for seasonal promotions and product updates. His plan is definite and credible: he identified the specific products he will buy, previously attempted three times using NVDA from his Bronx residence, and counsel's WAVE audits confirm the barriers remain. Plaintiff remains prepared to transact once accessibility is restored.

41.    Plaintiff's experience is concrete and particularized. He encountered specific

barriers on specific dates while attempting to buy identified products, was unable to complete transactions, and has a time-bound intent to return and purchase once accessibility is restored. These facts establish injury in fact, causation, and redressability.

## CLASS ACTION ALLEGATIONS

42.    Plaintiff, **Richard Johnson**, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Defendant's Website, www.intel.com and as a result have been denied access to the equal enjoyment of goods and services, during the relevant statutory period.

43.    Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a New York City Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City of New York and State of New York who have attempted to access Defendant's Website and as a result have been denied access to the equal enjoyment of goods and services offered during the relevant statutory period.

44.    Common questions of law and fact exist amongst the Class, including:

a.    Whether Defendant's Website is a "public accommodation" under the ADA;

b.    Whether Defendant's Website is a "place or provider of public accommodation" under the NYCHRL;

c.    Whether Defendant's Website denies the full and equal enjoyment of the products, services, facilities, privileges, advantages, and/or accommodations to people with visual disabilities, violating the ADA; and

d.    Whether Defendant's Website denies the full and equal enjoyment of the products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYCHRL, NYCRL, and the

14

NYHRL

45.     Plaintiff's claims are typical of the Class. The Class, similar to the Plaintiff, are severely visually impaired or otherwise blind, and claims that Defendant has violated the ADA, NYSHRL, NYCRL, and/or the NYHRL by failing to update or remove access barriers on the Website so that the website can be independently accessible to the Class.

46.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because Plaintiff has retained and is represented by counsel who is competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the Class Members. Class certification of the claims is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief concerning Plaintiff and the Class as a whole.

47.     Alternatively, Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because fact and legal questions common to Class Members predominate over questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

48.     Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

49.     Moreover, judicial economy will be served by maintaining this lawsuit as a class action for numerosity purposes in that it is likely that the number of patrons who have attempted to utilize the services of Defendant's online platform exceeds 50 or more sight-impaired individuals.

## FIRST CAUSE OF ACTION
### (Violations of the ADA, 42 U.S.C. § 12182 *et seq.*)

50.    Plaintiff, **Richard Johnson**, on behalf of himself and the Class Members, repeats

and  realleges every allegation of the preceding paragraphs as if fully set forth herein.

51.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

No individual shall be discriminated against on the basis of disability in the full and
equal enjoyment of the goods, services, facilities, privileges, advantages, or
accommodations of any place of public accommodation by any person who owns,
leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

52.    Defendant's  Website, www.intel.com that is offered as a link to the company is a

service that is offered to the general public, and as such, must be equally accessible to all potential

consumers.

53.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to

deny individuals with disabilities the opportunity to participate in or benefit from the products,

services, facilities, privileges, advantages, or accommodations of an entity.  42 U.S.C. §

12182(b)(1)(A)(i).

54.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also

includes, inter alia:

[A] failure to make reasonable modifications in policies, practices, or procedures,
when such modifications are necessary to afford such goods, services, facilities,
privileges, advantages, or accommodations to individuals with disabilities, unless
the entity can demonstrate that making such modifications would fundamentally
alter the nature of such goods, services, facilities, privileges, advantages or
accommodations; [and] a failure to take such steps as may be necessary to ensure
that no individual with a disability is excluded, denied services, segregated or
otherwise treated differently than other individuals because of the absence of
auxiliary aids and services, unless the entity can demonstrate that taking such steps

16

would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

55.    The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

56.    Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

## SECOND CAUSE OF ACTION
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

57.    Plaintiff, RICHARD JOHNSON, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

58.    N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public

17

accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

59.    Defendant is subject to NYCHRL because it owns and operates the Website, www.intel.com making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

60.    Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the site and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

61.    Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

62.    Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

    a.    constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

    b.    constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

18

        c.       failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

63.      Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

64.      As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

65.      Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

66.      Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

67.      Plaintiff is also entitled to reasonable attorneys' fees and costs.

68.      Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### (New York State Human Rights Law)
### ("NYSHRL")

69.     Plaintiff, RICHARD JOHNSON, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

70.     At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

71.     Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

72.     Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, www.intel.com within the meaning of Article 15 of N.Y. Executive Law § 292(9).  Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

73.     Plaintiff has visited the Website on a number of occasions and has encountered barriers to his access that exist.

74.     Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person

20

any of the accommodations, advantages, facilities or privileges thereof."

75.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

76.     Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device.  Article 15 of N.Y. Exec. Law § 296(2)(c).

77.     The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

78.     Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1").  WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

79.     Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

80.     Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

81.     Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

82.     Plaintiff, RICHARD JOHNSON, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

83.     Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

84.    Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

85.    No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

86.    § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

87.    Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

88.    Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

89.    Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

23

90.     Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id...*

91.     Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

### FIFTH CAUSE OF ACTION
**(Declaratory Relief)**

92.     Plaintiff, RICHARD JOHNSON, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

93.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

94.     A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

95.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

 a. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

 b. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

 c. A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

 d. An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

 e. Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

 f. Pre-judgment and post-judgment interest;

 g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

 h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       December 8, 2025

                              Respectfully submitted,

                              **JOSEPH & NORINSBERG, LLC**
                              <u>Robert Schonfeld</u>
                              Robert Schonfeld, Esq.
                              *Attorneys for Plaintiff*
                              825 Third Avenue, Suite 2100
                              New York, New York 10022
                              Tel. No.: (212) 227-5700
                              Fax No.: (212) 656-1889