UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

RICHARD JOHNSON, on behalf of himself
and all others similarly situated,

                                                    Civil Action No.
                                                    1:25-cv-10193-LJL

           Plaintiff,

     v.

INTEL CORPORATION,

           Defendant.

———————————————————————

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT INTEL CORPORATION'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

                                                 **JOSEPH & NORINSBERG LLC**
                                                 **Attorneys for Plaintiff**
                                                 **By: Robert L. Schonfeld**
                                                 **825 Third Avenue, Suite 2100**
                                                 **New York, New York 10022**
                                               **(212) 227-5700**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

STANDARD OF REVIEW ........................................................................................................... 4

    Rule 12(b)(2) ........................................................................................................................ 4

    Rule 12(b)(1) (Standing). ..................................................................................................... 5

    Rule 12(b)(6). ....................................................................................................................... 5

ARGUMENT ................................................................................................................................. 6

    I. THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER INTEL ............. 6

        A.   CPLR § 302(a)(1) and the Two-Prong Test. ................................................... 6

        B.   The Website Is Interactive and Channels New York Transactions. ....................... 7

        C.   Sales Through Authorized Online Marketplaces Support Jurisdiction. ................. 7

        D.   There Is an "Articulable Nexus" Between the Website Conduct and Plaintiff's
Claims. ............................................................................................................................. 9

        E.   The Exercise of Jurisdiction Comports with Due Process. .................................... 10

    II. PLAINTIFF HAS ARTICLE III STANDING ................................................................. 10

        A.   The Injury Is Concrete and Particularized. ........................................................... 10

        B.   The FAC is Highly Detailed and Easily Satisfies the *Calcano* Standard. .............. 11

        C.   The Threat of Future Injury Is Imminent. .............................................................. 12

        D.   Plaintiff's Other Filings Do Not Defeat Standing. ................................................. 13

        E.   Intel's Factual Submissions Do Not Convert This Into a Summary-Judgment
Motion. ............................................................................................................................ 13

    III. INTEL'S WEBSITE IS A "PLACE OF PUBLIC ACCOMMODATION" UNDER
TITLE III .................................................................................................................................. 13

        A.   The Majority View in This District. ........................................................................ 14

        B.   The Statutory Text, Structure, and Purpose. ........................................................... 15

        C.   The Cases Intel Cites Are Distinguishable or Outliers. ........................................... 15

        D.   In Any Event, There Is a Sufficient Nexus to Physical Places of Public
Accommodation. .............................................................................................................. 16

        E.   The Remaining Elements Are Plead. ...................................................................... 16

    IV. SUPPLEMENTAL JURISDICTION OVER THE STATE AND CITY CLAIMS IS
APPROPRIATE, AND THE DECLARATORY-RELIEF COUNT SHOULD NOT BE
DISMISSED .............................................................................................................................. 17

        A.   State and City Claims. ............................................................................................ 17

        B.   Declaratory Relief. ................................................................................................. 17

CONCLUSION ............................................................................................................................. 18

## TABLE OF AUTHORITIES

**CASES**

| | |
|---|---|
| A.I. Trade Fin., Inc. v. Petra Bank, 989 F.2d 76 (2d Cir. 1993) | 5 |
| Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381 (E.D.N.Y. 2017) | 11, 14 |
| Ashcroft v. Iqbal, 556 U.S. 662 (2009) | 5 |
| Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) | 6 |
| Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) | 5,7, 10 |
| Brady v. Anker Innovations Ltd., 2020 U.S. Dist. LEXIS 5672 (S.D.N.Y. Jan. 14, 2020) | 8 |
| Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 582 U.S. 255 (2017) | 10 |
| Brown v. Jennifer Adams Brand, 2025 U.S. Dist. LEXIS 28842 (S.D.N.Y. Feb. 18, 2025) | 14 |
| Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68 (2d Cir. 2022) | 2,5,10,11,12 |
| Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008) | 6, 16 |
| Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n, 37 F.3d 12 (1st Cir. 1994) | 15, 16 |
| Carter v. HealthPort Techs., LLC, 822 F.3d 47 (2d Cir. 2016) | 5, 13 |
| Chalas v. Pork King Good, 2023 U.S. Dist. LEXIS 80835 (S.D.N.Y. May 9, 2023) | 14 |
| Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158 (2d Cir. 2010) | 7 |
| Davis v. Wild Friends Foods, Inc., 2023 U.S. Dist. LEXIS 115542 (S.D.N.Y. July 5, 2023) | 14, 15 |
| Del-Orden v. Bonobos, Inc., 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. Dec. 20, 2017) | 12, 13 |
| Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs., 7 N.Y.3d 65 (2006) | 8 |
| Dicks v. Cooks Junction, Inc., 2023 U.S. Dist. LEXIS 59384 (S.D.N.Y. Apr. 4, 2023) | 11, 12 |
| DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104 (2d Cir. 2010) | 14 |
| Doe v. Mut. of Omaha Ins. Co., 179 F.3d 557 (7th Cir. 1999) | 13, 15 |

| | |
|---|---|
| **Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81 (2d Cir. 2013)** | 4, 10, 13 |
| **EnviroCare Techs., LLC v. Simanovsky, 2012 U.S. Dist. LEXIS 78088 (E.D.N.Y. June 5, 2012)** | 8 |
| **Fernandez v. Gainful Health, Inc., 2025 U.S. Dist. LEXIS 222003 (S.D.N.Y. Dec. 10, 2025)** | 15 |
| **Fernandez v. Katie May LLC, 2025 U.S. Dist. LEXIS 51174 (S.D.N.Y. Mar. 21, 2025)** | 14 |
| **Fernandez v. Vanilla Chip LLC, 2025 U.S. Dist. LEXIS 73831 (S.D.N.Y. Apr. 18, 2025)** | 2, 12, 14, 15, 16 |
| **Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351 (2021)** | 10 |
| **Guerrero v. Ogawa USA, Inc., 2023 U.S. Dist. LEXIS 109579 (S.D.N.Y. June 26, 2023)** | 14 |
| **Harty v. Greenwich Hosp. Grp., LLC, 536 F. App'x 154 (2d Cir. 2013)** | 11, 13 |
| **Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118 (2d Cir. 2006)** | 17 |
| **Kreisler v. Second Ave. Diner Corp., 731 F.3d 184 (2d Cir. 2013)** | 5, 11, 13 |
| **Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460 (1988)** | 6 |
| **Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161 (2d Cir. 2013)** | 5,7, 10 |
| **Licci v. Lebanese Canadian Bank, SAL, 20 N.Y.3d 327 (2012)** | 7 |
| **Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC, 2016 U.S. Dist. LEXIS 89149 (S.D.N.Y. July 7, 2016)** | 8 |
| **Loadholt v. ShirtSpace, 2023 U.S. Dist. LEXIS 36924 (S.D.N.Y. Mar. 6, 2023)** | 12 14 |
| **Mattel, Inc. v. www.fisher-price.online, 2022 U.S. Dist. LEXIS 127132 (S.D.N.Y. July 18, 2022)** | 8, 9 |
| **MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)** | 17 |
| **Mejia v. High Brew Coffee Inc., 2024 U.S. Dist. LEXIS 175800 (S.D.N.Y. Sept. 30, 2024)** | 15 |
| **Sullivan v. Bdg Media, 71 Misc.3d 863, 870-71 (Sup. Ct. N.Y. Co. 2021)** | 17 |
| **Monegro v. I-Blades, Inc., 2023 U.S. Dist. LEXIS 43027 (S.D.N.Y. Mar. 15, 2023)** | 14 |

| | |
|---|---:|
| Nat'l Fed'n of the Blind v. Target Corp., 452 F. Supp. 2d 946 (N.D. Cal. 2006) | 16 |
| Pallozzi v. Allstate Life Ins. Co., 198 F.3d 28 (2d Cir. 1999), amended on reh'g, 204 F.3d 392 (2d Cir. 2000) | 15 |
| Pearson Educ., Inc. v. ABC Books LLC, 2020 U.S. Dist. LEXIS 117040 (S.D.N.Y. June 30, 2020) | 8,,9 |
| PGA Tour, Inc. v. Martin, 532 U.S. 661 (2001) | 16 |
| Robles v. Domino's Pizza, LLC, 913 F.3d 898 (9th Cir. 2019) | 16 |
| Romero v. 88 Acres Foods, Inc., 580 F. Supp. 3d 9 (S.D.N.Y. 2022) | 14 |
| Sookul v. Fresh Clean Threads, Inc., 754 F. Supp. 3d 395 (S.D.N.Y. 2024) | 15 |
| Spin Master Ltd. v. 158, 463 F. Supp. 3d 348 (S.D.N.Y. 2020) | 8 |
| Stephan v. Babysport, LLC, 499 F. Supp. 2d 279 (E.D.N.Y. 2007) | 9 |
| Sumlin v. N.Y. Beer Co., LLC, 2025 U.S. Dist. LEXIS 116236 (S.D.N.Y. June 18, 2025) | 14 |
| Thorne v. Formula 1 Motorsport, Inc., 2019 U.S. Dist. LEXIS 220080 (S.D.N.Y. Dec. 23, 2019) | 14 |
| TransUnion LLC v. Ramirez, 594 U.S. 413 (2021) | 5 |
| United Mine Workers v. Gibbs, 383 U.S. 715 (1966) | 17 |
| Warner Bros. Entertainment Inc. v. Ideal World Direct, 516 F. Supp. 2d 261 (S.D.N.Y. 2007) | 9 |
| Wilton v. Seven Falls Co., 515 U.S. 277 (1995) | 18 |
| Winegard v. Crain Commc'ns, Inc., 2021 U.S. Dist. LEXIS 60964 (S.D.N.Y. Mar. 30, 2021) | 14 |
| Winegard v. Newsday LLC, 556 F. Supp. 3d 173 (E.D.N.Y. 2021) | 15 |

## STATUTES

| | |
|---|---:|
| 28 U.S.C. § 1367 | 17 |
| 42 U.S.C. § 12101(b)(1) | 15 |
| 42 U.S.C. § 12102 | 16 |
| 42 U.S.C. § 12181(7)(E), (F) | 1, 15 |

| | |
|---|---|
| **42 U.S.C. § 12182(b)(1)(A)(i)** | **11** |
| **42 U.S.C. § 12182(b)(1)(A)(ii)–(iii)** | **11** |
| **42 U.S.C. § 12182(b)(2)(A)(ii)–(iii)** | **16** |
| **28 U.S.C. §§ 2201–2202** | **17** |
| **N.Y. C.P.L.R. § 302(a)(1)** | **1, 6, 7, 8** |
| **N.Y.C. Admin. Code § 8-107(4)(a)** | **17** |
| **N.Y.C. Admin. Code § 8-130(a)** | **17** |

## RULES

| | |
|---|---|
| **Fed. R. Civ. P. 12(b)(1)** | **1, 5, 13** |
| **Fed. R. Civ. P. 12(b)(2)** | **1, 4** |
| **Fed. R. Civ. P. 12(b)(6)** | **1, 5, 13, 14** |
| **Fed. R. Civ. P. 15(a)(2)** | **18** |

## **PRELIMINARY STATEMENT**

Plaintiff Richard Johnson ("Mr. Johnson") is a legally blind New Yorker who relies on screen-reading software, including NVDA, to access the Internet. He attempted on three separate occasions in October and November 2025 to use Defendant Intel Corporation's ("Intel") website, *www.intel.com* (the "Website"), to research and acquire two specific Intel products—the Intel® Core™ Ultra 9 Processor (Series 2) and the Intel® Arc™ B580 Graphics Card. On each visit, persistent accessibility barriers—missing alternative text, empty buttons, broken ARIA references, unlabeled form controls, and contrast errors documented in independent WAVE audits—prevented him from reviewing critical product information and from completing Intel's product-selection workflow that routes consumers to authorized retailers for purchases of Intel products.

Plaintiff's First Amended Complaint ("FAC") brings claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law ("NYSHRL"), the New York State Civil Rights Law ("NYCRL"), and the New York City Human Rights Law ("NYCHRL"). Intel moves to dismiss on four grounds: (i) lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2); (ii) lack of Article III standing under Rule 12(b)(1); (iii) failure to state a claim under Rule 12(b)(6) because the Website is allegedly not a "place of public accommodation"; and (iv) ancillary requests to decline supplemental jurisdiction and dismiss declaratory relief.

Each ground fails. **First**, Intel concedes (and the FAC alleges) that the Website includes an interactive, multi-step product-selection workflow that routes New York consumers, by way of "Buy Now" and "Where to Buy" buttons, to specific authorized retailers (*e.g.*, Amazon, Newegg, Micro Center) where the very products Plaintiff sought are in fact sold to New York consumers. Under New York CPLR § 302(a)(1) and the Due Process Clause, a

1

defendant that purposefully channels New York transactions through authorized agents and online marketplaces transacts business in New York, and a discrimination claim arising from inaccessible barriers to that very pathway is sufficiently related to those contacts to support specific personal jurisdiction. **Second**, Plaintiff has Article III standing: he plausibly alleges three concrete and dated visits to identified pages, specific products he intended to acquire, particularized barriers he encountered (with screen-reader behavior and WAVE-audit corroboration), a March 2026 follow-up audit confirming the barriers persist, and a definite, time-bound intent to return. That comfortably satisfies *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022). **Third**, the substantial majority of judges in this District hold- and the better view is-  that a commercial website that offers goods and services to the public is a "place of public accommodation" within the meaning of Title III, *see, e.g.*, *Fernandez v. Vanilla Chip LLC*, 2025 U.S. Dist. LEXIS 73831 (S.D.N.Y. Apr. 18, 2025). **Fourth**, because the federal claim survives, supplemental jurisdiction is properly exercised and the declaratory-judgment count remains live.

Intel's motion improperly asks the Court to resolve disputed factual issues on a pleading motion by crediting its own declarations over the FAC's well-pled allegations. The FAC, taken as true and read with all reasonable inferences in Plaintiff's favor, states viable claims. The Defendant's motion to dismiss should be denied in its entirety.

<u>**STATEMENT OF FACTS**</u>

Mr. Johnson is a legally blind resident of Bronx County, New York, formally certified as legally blind by the New York State Commission for the Blind due to proliferative diabetic retinopathy. FAC ¶¶ 1–2, 17, 30–31. He uses NVDA screen-reading software to access the Internet. *Id.* ¶ 17.

2

Intel is a Delaware corporation headquartered in Santa Clara, California, with a registered agent for service of process at 28 Liberty Street, New York, NY 10005. FAC ¶¶ 3, 18, 20. Intel operates *www.intel.com*, a consumer-facing e-commerce and informational website that offers product information, drivers, configuration tools, and "Buy Now" and "Where to Buy" buttons that route consumers to authorized retailers carrying Intel products. *Id.* ¶¶ 3, 36–44.

Plaintiff attempted to use the Website from his Bronx home on October 15, 2025, October 22, 2025, and November 3, 2025, each time with NVDA enabled. FAC ¶ 32. On October 15, he sought to review the Intel Core Ultra 9 Processor (Series 2); NVDA announced product images only as "graphic" with no description, and the WAVE audit corroborates missing alternative text and empty headings across product pages, which prevented him from confirming the processor's compatibility with his adaptive technology. *Id.* ¶ 33. On October 22, he sought to review the Intel Arc B580 Graphics Card; NVDA skipped headings and failed to announce specifications, and the WAVE audit documents broken ARIA references and skipped heading levels across product templates that impeded screen-reader parsing of structured product information. *Id.* ¶ 34. On November 3, he attempted to use Intel's checkout-related workflow and to download drivers; NVDA output was repeatedly interrupted by empty buttons and broken ARIA menus, unlabeled form fields announced only as "edit box," preventing him from applying promotions or proceeding through the routing buttons. *Id.* ¶ 35.

The FAC alleges that Intel's Website contains a multi-step interactive workflow for numerous products, including the products Plaintiff sought. FAC ¶ 36. While Intel ultimately fulfills purchases through authorized third-party retailers, Intel controls the first half of the transaction, and consumers must navigate Intel's workflow to reach the final retailer

3

checkout page. *Id.* The product pages include "Buy Now" and "Where to Buy" buttons that are not merely informational but are transactional gateways that route the consumer into Intel's guided purchase pathway. *Id.* ¶¶ 37–38. When a consumer selects a product configuration and activates those buttons, Intel's Website automatically directs the consumer to the appropriate authorized retailer for that exact configuration; Intel's workflow determines which retailer is displayed and which retailer checkout page the consumer is routed to. *Id.* ¶¶ 38–39, 42–44. Intel's authorized distributors and retail partners for these products include Arrow Electronics, ASI Corporation, Avnet, D&H Distributing, Ingram Micro, Mouser Electronics, TD Synnex USA, Amazon, Newegg, and Micro Center. *See* FAC ¶¶ 36–44; Schonfeld Decl. ¶¶ 3-10 (attaching screen captures of Intel's product, "Buy Now," and "Where to Buy" pages, the Distributor Partner Directory, and confirmation that the Intel Arc B-Series Graphics card was in fact purchased by a New York resident using the link from *www.intel.com* to Newegg).

An independent audit performed in March 2026 by auditor Christopher Vaughan confirms that the same barriers Plaintiff encountered persist. FAC ¶ 9.

Plaintiff alleges that he wants to return to the Website to complete his research and to purchase the Intel Core Ultra 9 Processor (Series 2) and the Intel Arc B580 Graphics Card once the Website is remediated, including for seasonal promotions and product updates. FAC ¶¶ 47–49. He has identified the specific products he intends to acquire, the dates and means of his prior, unsuccessful attempts, the screen-reader behavior on each visit, and the audit confirmation that the barriers remain. *Id.* ¶¶ 33–49.

## STANDARD OF REVIEW

**Rule 12(b)(2)**

On a Rule 12(b)(2) motion, the plaintiff bears only a *prima facie* burden of jurisdiction where, as here, no discovery has occurred. *Dorchester Fin. Sec., Inc. v. Banco BRJ,*

*S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013); *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013). The court "construe[s] the pleadings and any supporting materials in the light most favorable to the plaintiff," *Licci*, 732 F.3d at 167 (citation omitted), and "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party," *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993). Personal jurisdiction in this District proceeds in two steps: (i) the New York long-arm statute, CPLR § 302; and (ii) the Due Process Clause. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007).

**Rule 12(b)(1) (Standing).**

On a facial Rule 12(b)(1) motion, the court accepts the complaint's well-pled allegations as true and construes them in the plaintiff's favor. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). To establish Article III standing, a plaintiff must allege (i) an injury in fact that is concrete, particularized, and actual or imminent; (ii) caused by the defendant; and (iii) redressable by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021); *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022). In ADA accessibility cases, a plaintiff seeking injunctive relief shows future-injury imminence by alleging "(1) past injury under the ADA; (2) reasonable inference that the discriminatory treatment will continue; and (3) reasonable inference, based on the frequency of plaintiff's visits and the proximity of defendant's [accommodation], that plaintiff intends to return." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam).

**Rule 12(b)(6).**

On a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true

and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim survives if it pleads facts "sufficient to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). To state a Title III claim, a plaintiff must plead: (1) that he is disabled within the meaning of the ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against him by denying full and equal opportunity to enjoy the services it provides. *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (per curiam).

## ARGUMENT

### I. THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER INTEL

Intel does not contest that it is properly served and has a registered agent in New York; nor could it credibly contest that it deliberately targets New York consumers with substantial commercial messaging and channels New York purchases of Intel-branded products through online distributor partners and major retailers. The only question is whether, on a *prima facie* showing, the FAC plausibly alleges that Intel "transact[s] any business" in New York under CPLR § 302(a)(1) in a way "articulably" related to Plaintiff's claims. It does.

### A.    CPLR § 302(a)(1) and the Two-Prong Test.

Section 302(a)(1) confers specific jurisdiction over a non-domiciliary that "in person or through an agent" "transacts any business within the state or contracts anywhere to supply goods or services in the state," so long as the cause of action "arises from" that activity. CPLR § 302(a)(1); *Licci*, 732 F.3d at 168–69. A single, purposeful transaction can suffice. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988); *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006). The "arises from" prong is satisfied by "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."

6

*Best Van Lines*, 490 F.3d at 249 (citation omitted); *Licci v. Lebanese Canadian Bank, SAL*, 20 N.Y.3d 327, 339–40 (2012).

**B.      The Website Is Interactive and Channels New York Transactions.**

Intel argues that since its website does not directly sell Intel products from its website and instead refers potential purchasers to third party websites, such activity does not constitute a "transaction."     Def. Memo of Law at 14-15.  However, where, as alleged here, a defendant operates an interactive website that knowingly facilitates and routes sales to New York consumers, courts in this District regularly find "transaction of business" under § 302(a)(1). The traditional *Zippo* "sliding scale" distinguishes "passive" informational sites (no jurisdiction) from "interactive" sites that facilitate commercial transactions (jurisdiction). *Best Van Lines*, 490 F.3d at 251–52; *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 171 (2d Cir. 2010). The FAC alleges that Intel's Website is not a passive store-locator: it hosts a multi-step transactional workflow with "Buy Now" and "Where to Buy" buttons that, when activated, route the consumer's specific product-configuration request to a particular authorized retailer's exact product page for checkout. FAC ¶¶ 36–44. At the pleading stage, those allegations must be accepted as true and read with all favorable inferences. *Licci*, 732 F.3d at 167.

**C.      Sales Through Authorized Online Marketplaces Support Jurisdiction.**

 Intel's argument that the Website only "links" to third-party marketplaces is no answer, because the FAC alleges—and the supporting Schonfeld Declaration further substantiates—that the linked retailers are Intel's *authorized* channel for these very products, and that at least one purchase of the Intel Arc B-Series Graphics card was in fact completed by a New York consumer via the link from *www.intel.com* to Newegg. FAC ¶¶ 36–44; Schonfeld Decl. ¶¶ 3-10. This Court has recognized that "regularly offering and selling goods via an online marketplace such as Amazon.com can provide a basis for personal jurisdiction under CPLR §

7

302(a), even though Defendants do not control their Amazon.com 'storefront' or its interactivity to the same extent that they control their own highly interactive website." *Pearson Educ., Inc. v. ABC Books LLC*, 2020 U.S. Dist. LEXIS 117040, at *18–20 (S.D.N.Y. June 30, 2020); *see also Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, 2016 U.S. Dist. LEXIS 89149, at *7–10 (S.D.N.Y. July 7, 2016) (Amazon sales support § 302(a)(1) jurisdiction); *EnviroCare Techs., LLC v. Simanovsky*, 2012 U.S. Dist. LEXIS 78088, at *5–7 (E.D.N.Y. June 5, 2012) ("[T]he use of the internet to expand a seller's market 'literally to the world' requires a merchant to accept the concomitant legal responsibilities that such an expanded market may bring with it."); *Brady v. Anker Innovations Ltd.*, 2020 U.S. Dist. LEXIS 5672, at *11–13 (S.D.N.Y. Jan. 14, 2020) (a "sale of at least one product to New York through Amazon constitutes 'internet-based activities established regular business with foreign jurisdictions, including New York'"); *Mattel, Inc. v. www.fisher-price.online*, 2022 U.S. Dist. LEXIS 127132, at *9–12 (S.D.N.Y. July 18, 2022) (Liman, J.) (same).

This Court's own decision in *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 363–65 (S.D.N.Y. 2020) (Liman, J.), is consistent. *Spin Master* explained that auction-style platforms (such as eBay) do not, without more, support jurisdiction because the seller does not purposefully select the forum. *Id.* But the Court contrasted such auction sites with regular online marketplaces and held that "at least one sale to New York through Amazon" can justify the assertion of personal jurisdiction, because the merchant has chosen to participate in a marketplace whose New York reach is foreseeable and intentional. *Id.* at 363–64. The FAC alleges precisely that arrangement: Intel's Website routes New York consumers into a non-auction, regularly used network of authorized retailers, including Amazon and Newegg, and at least one resulting New

York sale of an Intel Arc graphics card has been documented. *See* FAC ¶¶ 36–44; Schonfeld Decl. ¶¶ 3-10.

Intel's reliance on *Stephan v. Babysport, LLC*, 499 F. Supp. 2d 279 (E.D.N.Y. 2007), and *Warner Bros. Entertainment Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261 (S.D.N.Y. 2007), is misplaced. Those cases—decided in 2007, before the widespread shift to interactive routing pathways such as those alleged here—addressed bare hyperlinks on otherwise passive sites without allegations that the host directs configuration-specific traffic into an integrated, authorized retail channel. More recent decisions, including this Court's, recognize that allegations of a regularly used, configuration-specific routing workflow into an authorized retailer network are categorically different. *See Pearson Educ.*, 2020 U.S. Dist. LEXIS 117040, at *18–20; *Mattel*, 2022 U.S. Dist. LEXIS 127132, at *9–12; *Dicks v. Cooks Junction, Inc.*, 2023 U.S. Dist. LEXIS 59384, at *6–12 (S.D.N.Y. Apr. 4, 2023) (Liman, J.) (sales totaling roughly five percent of total sales to New York customers over five years "sufficient to confer personal jurisdiction over the California company").

### D.    There Is an "Articulable Nexus" Between the Website Conduct and Plaintiff's Claims.

Defendant argues that there is no nexus between its website and the Plaintiff's claims. Def. Memo of Law at. 14-17 However, this argument fails because Plaintiff's ADA, NYSHRL, NYCRL, and NYCHRL claims arise directly out of Intel's alleged New York business activity—namely, operating the very Website that channels New York consumers into Intel's authorized purchase pathway. The conduct giving rise to discrimination (the inaccessible product, configuration, and routing pages) is the same conduct by which Intel solicits and effectuates commerce with New York consumers. That satisfies the "articulable nexus" prong.

9

*Licci*, 732 F.3d at 168–69; *Best Van Lines*, 490 F.3d at 249; *Dicks*, 2023 U.S. Dist. LEXIS 59384, at *9–12.

###### E.    The Exercise of Jurisdiction Comports with Due Process.

Defendant argues that exercising jurisdiction over Intel here does not comport with due process.    Def. Memo of Law at 14-17.    Intel has purposefully availed itself of New York through (i) a registered New York agent for service of process; (ii) a national, interactive website specifically inviting New York traffic; (iii) a network of authorized distributors and retailers that ship Intel products into New York; and (iv) at least one documented sale into New York of one of the products at issue. *See* FAC ¶¶ 18–21, 36–44; Schonfeld Decl. ¶¶ 3-10. Because Plaintiff's claims "arise out of or relate to" those forum-directed activities, jurisdiction is constitutional. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359–65 (2021); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017). At a minimum, Plaintiff is entitled to limited jurisdictional discovery before dismissal on this ground. *See Dorchester Fin.*, 722 F.3d at 84–86 (jurisdictional discovery appropriate where *prima facie* showing has been made and material facts are disputed).

## II. PLAINTIFF HAS ARTICLE III STANDING

Intel's standing challenge is two-fold: (i) that Plaintiff cannot have been "injured" by inability to complete a purchase on a site that Intel says does not directly sell its CPUs and GPUs; and (ii) that the FAC is too conclusory or formulaic to survive *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022).Def. Memo  at 17-19.   Neither argument is correct.

###### A.    The Injury Is Concrete and Particularized.

The injury in an ADA accessibility case is the *denial of equal access*, not the failure to complete a particular sale on the defendant's own server. The ADA prohibits discriminatory

"deni[al] [of] the opportunity . . . to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations" of a public accommodation. 42 U.S.C. § 12182(b)(1)(A)(i). The Second Circuit has long held that the inability to access a covered facility "on an equal basis" is itself a concrete injury. *Kreisler*, 731 F.3d at 187–88; *Harty v. Greenwich Hosp. Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013). The fact that a sighted consumer can use Intel's interactive pathway to reach an authorized retailer (and that at least one such sale has been documented to a New York consumer for the very product Plaintiff sought), while Plaintiff cannot navigate that same pathway because of barriers on Intel's pages, is itself the discrimination and the injury.

Intel's contrary framing—that there is no injury because no "transaction" can be "completed" on its server (Def. Memo at 18-19)—is both factually disputed and legally beside the point. It is factually disputed because the FAC alleges that Intel's Website includes interactive workflow steps (product selection, configuration, applying promotions, downloading drivers, and "Buy Now"/"Where to Buy" routing) that Plaintiff could not access. FAC ¶¶ 35–44. It is legally beside the point because even an "informational" barrier—being unable to obtain product specifications, compatibility information, configuration choices, drivers, and promotional pricing—states an injury under Title III. *See* 42 U.S.C. § 12182(b)(1)(A)(ii)–(iii); *Fernandez v. Vanilla Chip LLC*, 2025 U.S. Dist. LEXIS 73831, at *10–24 (S.D.N.Y. Apr. 18, 2025); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393–97 (E.D.N.Y. 2017) (denial of equal access to website's goods, services, and information sufficient injury).

### B.    The FAC is Highly Detailed and Easily Satisfies the *Calcano* Standard.

*Calcano* rejected "transparent cut-and-paste and fill-in-the-blank" allegations that contained no detail about *how* the plaintiff was harmed or what would make a return to the defendant's store credible. 36 F.4th at 75–78. The FAC here is the opposite: it alleges (i) three

11

specific visit dates (October 15, 22, and November 3, 2025); (ii) the specific products Plaintiff intended to acquire (the Intel Core Ultra 9 Processor (Series 2) and the Intel Arc B580 Graphics Card); (iii) the reasons for those product choices (advanced performance and energy efficiency; AI-enhanced rendering and ray tracing useful for accessibility software); (iv) the specific screen-reader behavior on each visit (e.g., NVDA announcing images only as "graphic," skipping headings, encountering empty buttons and "edit box" announcements); (v) corroborating WAVE audit findings of missing alt text, broken ARIA references, empty headings, contrast errors, and unlabeled inputs; (vi) a March 2026 independent audit confirming the barriers persist; and (vii) a definite, time-bound intent to return for purchases and seasonal promotions once remediated. FAC ¶¶ 1–9, 17, 30–49.

Those allegations far exceed the threshold approved by judges in this District post-*Calcano*. *See, e.g., Fernandez v. Vanilla Chip LLC*, 2025 U.S. Dist. LEXIS 73831, at *10–24 (denying motion to dismiss; allegations of specific products, dates, and barriers sufficient); *Davis v. Wild Friends Foods, Inc.*, 2023 U.S. Dist. LEXIS 115542, at *10–20 (S.D.N.Y. July 5, 2023) (Liman, J.) (similar allegations adequate; rejecting argument that filing multiple suits defeats standing); *Loadholt v. ShirtSpace*, 2023 U.S. Dist. LEXIS 36924, at *6–11 (S.D.N.Y. Mar. 6, 2023) (similar). The Second Circuit in *Calcano* itself emphasized that allegations of "past injury" combined with proximity, frequency, and a credible articulation of return are sufficient; that test is comfortably met. 36 F.4th at 75–76 (applying *Kreisler*).

### C.    The Threat of Future Injury Is Imminent.

Defendant claims that Plaintiff is not injured by the website because Intel does not products directly to consumers from its website.  Def. Memo at 18-19  Plaintiff has expressly alleged that the barriers persist as of a March 2026 audit (FAC ¶ 9); that he remains deterred from returning until remediation; and that he intends to return for specific purposes—researching

12

and acquiring identified products and taking advantage of seasonal promotions and product updates. FAC ¶¶ 47–49. That suffices under *Kreisler* and *Camarillo*. *See Kreisler*, 731 F.3d at 188 (residence near the accommodation, prior visits, and stated intent to return support standing); *Harty*, 536 F. App'x at 155 (same).

### D. Plaintiff's Other Filings Do Not Defeat Standing.

Intel's suggestion that this Court should hold Plaintiff's other accessibility suits against him (Def. Memo at 19, n. 12) is foreclosed by *Davis*: "Tester standing" is not disfavored, and the volume of suits brought by visually impaired plaintiffs "may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the Internet." *Davis*, 2023 U.S. Dist. LEXIS 115542, at *9–11. Each case must be assessed on its own allegations, and the FAC here is concrete and detailed.

### E. Intel's Factual Submissions Do Not Convert This Into a Summary-Judgment Motion.

To the extent Intel offers declarations purporting to controvert the FAC's factual allegations about how its Website operates (*e.g.*, whether "Buy Now" and "Where to Buy" buttons exist on the cited pages, whether retailer routing is configuration-specific), those declarations cannot be credited on a Rule 12(b)(6) motion. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2010). And on a fact-based Rule 12(b)(1) motion, all reasonable factual inferences must be drawn in Plaintiff's favor, especially where Plaintiff has not had jurisdictional discovery. *Carter*, 822 F.3d at 57; *Dorchester Fin.*, 722 F.3d at 84–86. At most, Intel's submissions raise disputed factual issues unfit for resolution on a motion to dismiss.

## III. INTEL'S WEBSITE IS A "PLACE OF PUBLIC ACCOMMODATION" UNDER TITLE III

The Second Circuit has not squarely held that a standalone commercial website is or is not a "place of public accommodation" under Title III, and judges in this District are split.

13

*Sumlin v. N.Y. Beer Co., LLC*, 2025 U.S. Dist. LEXIS 116236, at *5–7 (S.D.N.Y. June 18, 2025). The substantial majority of judges in this District—and the better view—hold that a commercial website that offers goods and services to the public is a public accommodation covered by Title III.

### A.    The Majority View in This District.

A long line of decisions from this District holds that standalone commercial websites are public accommodations under Title III. *See, e.g., Fernandez v. Vanilla Chip LLC*, 2025 U.S. Dist. LEXIS 73831, at *10–24 (S.D.N.Y. Apr. 18, 2025) (Rochon, J.); *Lopez v. Arby's Franchisor, LLC*, 2025 U.S. Dist. LEXIS 43838, at *15 (S.D.N.Y. Mar. 12, 2025) (Broderick, J.); *Fernandez v. Katie May LLC*, 2025 U.S. Dist. LEXIS 51174, at *12–15 (S.D.N.Y. Mar. 21, 2025) (Caproni, J.); *Brown v. Jennifer Adams Brand*, 2025 U.S. Dist. LEXIS 28842, at *6–8 (S.D.N.Y. Feb. 18, 2025) (Torres, J.); *Loadholt v. ShirtSpace*, 2023 U.S. Dist. LEXIS 36924, at *9–10 (S.D.N.Y. Mar. 6, 2023) (Carter, J.); *Monegro v. I-Blades, Inc.*, 2023 U.S. Dist. LEXIS 43027, at *8–11 (S.D.N.Y. Mar. 15, 2023) (Daniels, J.); *Guerrero v. Ogawa USA, Inc.*, 2023 U.S. Dist. LEXIS 109579, at *19–21 (S.D.N.Y. June 26, 2023) (Schofield, J.); *Romero v. 88 Acres Foods, Inc.*, 580 F. Supp. 3d 9, 17–21 (S.D.N.Y. 2022) (Wood, J.); *Winegard v. Crain Commc'ns, Inc.*, 2021 U.S. Dist. LEXIS 60964, at *5–7 (S.D.N.Y. Mar. 30, 2021) (Nathan, J.); *Chalas v. Pork King Good*, 2023 U.S. Dist. LEXIS 80835 (S.D.N.Y. May 9, 2023) (Ramos, J.); *Thorne v. Formula 1 Motorsport, Inc.*, 2019 U.S. Dist. LEXIS 220080, at *5–6 (S.D.N.Y. Dec. 23, 2019) (Oetken, J.); *Del-Orden v. Bonobos, Inc.*, 2017 U.S. Dist. LEXIS 209251, at *9–32 (S.D.N.Y. Dec. 20, 2017) (Engelmayer, J.); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 393–97 (E.D.N.Y. 2017).

14

**B.      The Statutory Text, Structure, and Purpose.**

*Vanilla Chip* provides the most detailed recent analysis of the question. The court explained that the ADA enumerates a non-exhaustive list of categories that includes "service establishment[s]," "sales . . . establishment[s]," and "other place[s] of public . . . display or collection," 42 U.S.C. § 12181(7)(E), (F), and that the statute repeatedly contemplates the provision of services by means that do not require a physical presence (*e.g.*, mail-order, telephone). 2025 U.S. Dist. LEXIS 73831, at *14–22. The court held that Congress's "clear and comprehensive national mandate for the elimination of discrimination," 42 U.S.C. § 12101(b)(1), would be undermined by an interpretation that exempts the very commercial channels through which most consumers now obtain goods and services. *Vanilla Chip*, 2025 U.S. Dist. LEXIS 73831, at *17–22; *see also Pallozzi v. Allstate Life Ins. Co.*, 198 F.3d 28, 32–33 (2d Cir. 1999), *amended on reh'g*, 204 F.3d 392 (2d Cir. 2000) (Title III is not limited to physical access).

The text of § 12181(7) is illustrative, not exhaustive ("the following . . . are considered"), and the residual clauses—"other place[s] of public . . . display or collection," "other sales or rental establishment[s]," and "other service establishment[s]"—readily encompass commercial websites that make goods and services available to the public. *See Pallozzi*, 198 F.3d at 32–33; *Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n*, 37 F.3d 12, 19 (1st Cir. 1994); *Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999).

**C.      The Cases Intel Cites Are Distinguishable or Outliers.**

Intel relies primarily on *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395 (S.D.N.Y. 2024); *Winegard v. Newsday LLC*, 556 F. Supp. 3d 173 (E.D.N.Y. 2021); Sullivan v. Bdg Media, 71 Misc.3d 863, 870-71 (Sup. Ct. N.Y. Co. 2021; and *Fernandez v. Gainful Health, Inc.*, 2025 U.S. Dist. LEXIS 222003 (S.D.N.Y. Dec. 10, 2025). Those decisions reflect a minority position in this District, and as detailed above, the great weight

15

of authority points the other way. *See, e.g.*, *Vanilla Chip*, 2025 U.S. Dist. LEXIS 73831, at \*23–25 (declining to follow *Mejia* and adhering to the majority approach). The out-of-circuit decisions Intel marshals (*Gil v. Winn-Dixie Stores, Inc.* (later vacated for mootness), *Robles v. Domino's Pizza, LLC*, *Ford v. Schering-Plough Corp.*, *Parker v. Metropolitan Life Insurance Co.*) are non-binding, and the First and Seventh Circuits have reached the opposite conclusion. *Carparts*, 37 F.3d at 19; *Mutual of Omaha*, 179 F.3d at 559.

### D.    In Any Event, There Is a Sufficient Nexus to Physical Places of Public Accommodation.

Even courts that require a "nexus" to a physical place have found one where, as here, the Website's purpose is to facilitate purchases at physical and online retail establishments that are themselves public accommodations. *See Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 953–56 (N.D. Cal. 2006); *Robles*, 913 F.3d at 905. The FAC alleges that Intel's Website routes consumers into a network of authorized retailers (Amazon, Newegg, Micro Center, Best Buy, and others) that operate physical and online sales establishments. FAC ¶¶ 36–44. That suffices under any plausible articulation of the nexus requirement.

### E.    The Remaining Elements Are Plead.

The FAC alleges (i) that Plaintiff is a person with a disability within the meaning of 42 U.S.C. § 12102; (ii) that Intel operates the Website, a covered place or service of public accommodation; and (iii) that Intel discriminated by failing to provide equal access through technical barriers documented by WAVE audits and corroborated by NVDA behavior on three identified dates. *See Camarillo*, 518 F.3d at 156. Intel's failure to make "reasonable modifications" to its Website—the *sine qua non* of Title III liability—is alleged and corroborated. 42 U.S.C. § 12182(b)(2)(A)(ii)–(iii); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 682–83 (2001). At the pleading stage, no more is required.

16

**IV. SUPPLEMENTAL JURISDICTION OVER THE STATE AND CITY CLAIMS IS APPROPRIATE, AND THE DECLARATORY-RELIEF COUNT SHOULD NOT BE DISMISSED**

**A.      State and City Claims.**

Because the federal ADA claim is well pled, supplemental jurisdiction over the parallel NYSHRL, NYCRL, and NYCHRL claims is proper under 28 U.S.C. § 1367(a). The state and city claims arise from the same operative facts as the ADA claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). The NYCHRL, in particular, is to be construed "broadly in favor of discrimination plaintiffs" and reaches "provider[s] of public accommodation," N.Y.C. Admin. Code § 8-130(a); § 8-107(4)(a), language broader than the ADA. Even if (contrary to the analysis in Point III) the Court were to find that Intel's Website is not a public accommodation under federal law, the NYCHRL and NYSHRL claims should survive on its own terms. *See Sullivan v. Bdg Media*, 71 Misc.3d 863, 870-71 (Sup. Ct. N.Y. Co. 2021) (analyzing NYCHRL's broader "provider" language).

If the Court were to dismiss the federal claim, the typical practice in this District is to decline supplemental jurisdiction over the remaining state and city claims without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). Plaintiff does not oppose that alternative outcome should the Court dismiss the ADA claim, but maintains that dismissal of the federal claim is unwarranted for the reasons set forth above. **B.   Declaratory Relief.**

Because Plaintiff has stated a viable substantive claim under Title III (and parallel state and city statutes), the declaratory-judgment count is properly maintained alongside—and as a remedial overlay on—the underlying substantive claims. *See* 28 U.S.C. §§ 2201–2202; *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–29 (2007). Whether declaratory relief is

17

pleaded as a separate count or sought in the prayer for relief is a matter of form, not substance. *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–88 (1995).

## **CONCLUSION**

For the foregoing reasons, Defendant Intel Corporation's motion to dismiss the First Amended Complaint should be denied in its entirety. In the alternative, should the Court find any pleading deficiency, Plaintiff respectfully requests leave to amend, *see* Fed. R. Civ. P. 15(a)(2), or, as to personal jurisdiction, limited jurisdictional discovery, *see Dorchester Fin.*, 722 F.3d at 84–86.

Dated: New York, New York
       June 3, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG LLC**
Attorneys for Plaintiff
By: */s/ Robert L. Schonfeld*
Robert L. Schonfeld, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022

18